The opinion of the Court was delivered by
Mr. Justice Cheves.
The Court is not disposed to grant the last motion,* bat it is of opinion a new trial ought to be granted. It has no disposition to withdraw from the Jury any part of their peculiar jurisdiction over facts; but the power of Juries over matters of fact, is in civil cases, to be exercised under the superintendance of the Court, whose duty it is to see that this power has been exercised with discretion, and with some regard to the weight of evidence, the credibility of testimony, the probability of circumstances, and just principles of induction; and when the Court has very strong reasons to believe the Jury has erred, either capriciously or ignorantly, in any of these points, it will not hesitate to set aside a verdict, and send the case back for a new trial. As it is the object of the Court to send the case down with as little prejudice attached to it, from any impressions it may entertain, as possible; it will be only necessary to say, that it is the opinion of this Court, that it is a fit case for another trial ,* and they are the more assured of the propriety of this course, from the presiding Judge’s opinion, who had all the advantages the Jury enjoyed in forming an *326 opinion of the character, and weight of test).-1 mony.
--Crnrofcé, JVoii, Gantt, and Johnson, J. concurred.
Colcock, J.
The grounds for a nonsuit being abandoned, we are to determine on those, on which the motion for a new trial rests.
1st. Because the testimony of Fuller, and his wife, ought to be rejected.
2d. Because the presiding Judge was dissatisfied with the verdict.
The testimony of Fuller, and his wife, is attacked on two grounds :
1st. That the circumstances which they proved were improbable in themselves, and that they prove they participated in the fraud.
2d. That some respectable witnesses proved them unworthy of credit.
I am aware that it is difficult to resist the impressions which are made on the mind, against a witness who appears to have been actuated by resentment, to disclose facts which he had so long concealed; and I readily admit, that where they are such facts as are disclosed on the present occasion, they furnish incontestible evidence of the baseness of the witness; but it is equally true, that such witnesses may nevertheless speak the truth. While their testimony is admitted with caution, it should be examined with impartiality; *327 public justice and policy require it; for if the evidence of such is always to be rejected, injuries, both of a public and a private nature, would remain unredressed. The testimony of an approver, who is an acknowledged particeps criminis, when corroborated by circumstances, will affect the life of his associate; and in this case it does appear, that the testimony of Fuller, and his wife, is corroborated by some strong circumstances. In the first place it appears, that the negro was lost about the time mentioned by them; that the circumstance of concealment is supported by the testimony of the blacksmith.
It is also in evidence, that the defendant was in the employment of the person who had hired* the negro, at that very time; nor can I conceive it an impossible thing that a negro might be carried off in this manner.
As to the second ground of objection to the testimony of Fuller and his wife, I take it to be the rule, in such cases, that the witness who impeaches the credit of another, show first, that the witness attacked is of a general bad character ; and then, that he is unworthy of belief when on oath. This does not appear to have been done by the witnesses produced to destroy the credit of Fuller and his wife; and, on their part, witnesses of credit and respectability were produced, who said, that they had never before heard any thing against their credit.
*328 These considerations, no' doubt, presented themselves to the Jury, and the presiding Judge saJs» they were intelligent men. The case went them with more than a caution as to witnesses ; for he gave it as his opinion, that they were unworthy of belief, yet the Jury thought proper to credit them* Although I would not hesitate to grant a new trial, when the verdict was against evidence, or without, I feel no disposition when there has been evidence on both sides, and fairly submitted to the Jury, to interfere with the verdict. I cannot but think, in such a case, it is their exclusive privilege to decide.
As to the second ground, while I feel the greatest respect for the opinion of the presiding Judge, and, in all cases, would suffer it to have great weight, I cannot think, in this case, it ought to outweigh the verdict of the Jury; that opinion was expressed to them before they made up their minds, and no doubt had its weight. I rely much on the superior advantages which a Jury possesses in arriving at the truth, by a knowledge of the parties and witnesses, and well know that respect is paid to the opinion of the presiding Judge. If then, under all these circumstances, an intelligent Jury have thought proper to find a verdiet for the plaintiff I feel no disposition to disturb it. I am against the motion.
Bay, J. I concur with my brother Colcoclc.